tions Commission.

## 38834. IN THE MATTER OF: INQUIRY CONCERNING A JUDGE NO. 490.

PER CURIAM.

A hearing was held by the Judicial Qualifications Commission to determine whether or not Douglas R. Davis, Justice of the Peace of Austell Militia District, Cobb County, had:

(1) Offered himself as a candidate for the City Council of Austell at a time when he had been elected Justice of the Peace and without resigning his office of Justice of the Peace as required by Canon 7, Section A (3); and

(2) While holding the office of Justice of the Peace, engaged in political activity inappropriate to his judicial office in violation of Canon 7, Section A (4) by actively participating in a recall movement and election of C. H. "Fat" James, Mayor of Austell.

After the hearing, the Commission concluded as to (1) above that there was no violation of Canon 7A (3), because, at the time the respondent was elected and qualified as city councilman, he had been *elected* to but not *qualified* for — hence did not hold — the office of Justice of the Peace.

The Commission concluded as to (2) above that "in violating Canon 7 the respondent has been guilty of conduct prejudicial to the administration of justice and which brings the judicial office into disrepute. Annotated Code § 2-4203."

On the basis of its findings and conclusions, the Commission recommends that Justice of the Peace Davis be censured.

We have carefully reviewed the record and the response filed by Justice of the Peace Davis. We conclude that the evidence establishes that the respondent actively participated in the mayoral recall movement after taking office, in contravention of Canon 7A(4). In his response, the respondent admitted his participation in the recall movement, but urges (1) that he participated to only a limited extent, in such a manner that there was no wilful misconduct in office or any conduct prejudicial to the administration of justice which brought the judicial office of Justice of the Peace into disrepute, his motive being the promotion of the best interest of the city; and (2) that, as a Justice of the Peace, he was a part-time judge, and should not be held to such a strict application of the Canons as a full-time judge would be.

With regard to the respondent's first contention, the title to

Canon 7 states: "A judge should refrain from political activity inappropriate to his judicial office." Canon 7A (4) provides: "A judge should not engage in any other political activity except on behalf of measures to improve the law, the legal system, or the administration of justice." Regardless of the respondent's motivation, the Canons do not make any distinction with regard to the degree of participation in inappropriate political activity, and we hold that the respondent's activity in question was outside the scope of that permitted under the Canons.

With regard to the respondent's second contention, provision A(1) under the title "Compliance with the Code of Judicial Conduct" (231 Ga. A-14) requires the respondent, who is defined therein as a "part-time judge," to comply with Canon 7.

It is therefore ordered that a letter of admonition be written to the respondent by the Chief Justice of this Court.

*All the Justices concur.*

DECIDED MAY 25, 1982.

*Holcombe Perry, Jr., Robert E. Hall,* for Judicial Qualifications Commission.